**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHNNY DAR EAGLE,

        Plaintiff,         Case Number: 08-CV-11333

v.         HONORABLE ARTHUR J. TARNOW

S MARRIOTT, ET AL.,

        Defendant.
_____/

## ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, (2) DIRECTING CLERK OF COURT TO REOPEN CASE, AND (3) DIRECTING SERVICE

Plaintiff Johnny Dar Eagle filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, naming numerous employees of the Michigan Department of Corrections (MDOC) as defendants. In his complaint, Petitioner alleged that the defendants "determined the propriety of [his] legal papers designated to be submitted to the court." Complaint at p. 4. He claimed that the "MDOC then destroyed [his] legal papers . . . [preventing him] from perfect[ing] an appeal." *Id.*

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This can be established by showing that the

deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff failed to identify the nature of the legal papers that were purportedly destroyed. He did not allege that they were related to or necessary for the pursuit of a direct criminal appeal, habeas corpus application, or a civil rights claim challenging a condition of confinement. *See Casey*, 518 U.S. at 355. The Court held that Plaintiff's conclusory allegations, without any specific claim that injury resulted, was insufficient to sustain a claim and dismissed the complaint.

In his Motion for Reconsideration, Plaintiff states that the legal papers he was prevented from filing related to the state court appeal of his conviction. He alleges that the defendants' actions caused his state court filings to be untimely and, therefore, deprived him of his right to appeal his state court conviction. Because Plaintiff has now alleged with sufficient specificity that he was prevented from filing legal documents related to his direct appeal, the Court grants his Motion for Reconsideration.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **GRANTED** and the Clerk of Court is directed to reopen this proceeding.

**IT IS FURTHER ORDERED** that the United States Marshal serve the appropriate papers in this case on defendants without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from plaintiff after effecting service.

                                          S/Arthur J. Tarnow
                                          Arthur J. Tarnow
Dated: July 21, 2008              United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 21, 2008, by electronic and/or ordinary mail.
                                          S/Catherine A. Pickles
                                          Judicial Secretary