UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY EAGLE,

       Plaintiff,            CIVIL ACTION NO. 08-11333

     vs.                        DISTRICT JUDGE ARTHUR J. TARNOW

SCOTT MARRIOTT, et.al.,     MAGISTRATE JUDGE DONALD A. SCHEER

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendants' Motion to Dismiss the instant Complaint should be GRANTED on the basis of Eleventh Amendment immunity.

\* \* \*

Plaintiff, while incarcerated at the Saginaw Correctional Facility in Freeland, Michigan[1], filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on February 21 2008, in the United States District Court for the Western District of Michigan. The case was transferred to this Court because the events giving rise to Plaintiff's action occurred in Lenawee County, which is located in the Eastern District, and the defendants are located in this district. Plaintiff alleges that his constitutional right of access to the courts was violated while he was confined at the Gus Harrison Correctional Facility (ARF) in Lenawee County. Specifically, Plaintiff asserts that the Defendants destroyed his legal papers so that he could not "perfect an appeal," in violation of his First Amendment right of access to

---

    [1]Plaintiff is still incarcerated at the Saginaw Correctional Facility.

the courts. Plaintiff sued the eleven individually named prison officials at ARF in their official capacities only[2]. He sought monetary damages in excess of three million dollars.

The complaint was initially dismissed <u>sua sponte</u> on April 11, 2008, for failure to identify the nature of the legal papers alleged to have been destroyed (Docket #2). Plaintiff filed a Motion for Reconsideration on April 23, 2008, stating the papers were "motions, filings, briefs and habeas corpus applications" necessary to appeal his conviction (Docket #3). The Court granted Plaintiff's motion for reconsideration, and found that he had "now alleged with sufficient specificity that he was prevented from filing legal documents related to his appeal." (Docket #4).

Defendants filed a Motion to Dismiss, or in the alternative for Summary Judgment, on November 21, 2008, based upon Eleventh Amendment Immunity. Since Plaintiff chose to sue all the individual ARF employees in their official capacities, and sought monetary damages only, Defendants claimed they were immune from suit pursuant to the Eleventh Amendment. Plaintiff filed a response to Defendant's Motion to Dismiss on December 31, 2008, arguing to the contrary.[3]

---

[2]Plaintiff chose to sue the Defendants in their official capacities only. On the form complaint, Plaintiff had the choice to sue the individual defendants in either their personal, official or combined capacities (See Complaint, page 1, "Defendant Information" section).

[3]Plaintiff argued that the Eleventh Amendment was not applicable because the State of Michigan was not a "true sovereign." He also maintained the law under the Eleventh Amendment was illogical and confusing, and had been misconstrued by the courts. Finally, Plaintiff asserted that the State of Michigan had waived its right to assert an Eleventh Amendment defense by having the Attorney General's Office represent the defendants in this matter.

**2**

**ELEVENTH AMENDMENT IMMUNITY OF STATES AND THEIR DEPARTMENTS**

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

**U.S. Const. amend. XI.**

This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. Edelman v. Jordan, 415 U.S. 652 (1974); Hans v. Louisiana, 134 U.S. 1 (1890). The amendment also bars suits for monetary relief against state officials sued in their official capacity. However, the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief. Ex Parte Young, 209 U.S. 123 (1908).

In the instant case, Plaintiff chose to sue the defendants in their official capacities, and he sought monetary damages only. Plaintiff did not bring this suit against the individual defendants in order to hold them personally liable for monetary damages for alleged violations of his constitutional rights. Instead, this action is one against the offices they respectively hold within the prison. Therefore, the suit is no different from one brought against the State of Michigan itself. The State of Michigan is obviously entitled to its sovereign immunity, and the individual Defendants are protected by same Eleventh Amendment immunity.

3

For all of the foregoing reasons, it is recommended that Defendants' Motion to Dismiss and for Summary Judgment be granted and the instant case dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: January 30, 2009

_____

**CERTIFICATE OF SERVICE**

     I hereby certify on January 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 30, 2009: **Johnny Eagle.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217