UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY EAGLE,

       Plaintiff,         CIVIL ACTION NO. 08-11333

      vs.                    DISTRICT JUDGE ARTHUR J. TARNOW

SCOTT MARRIOTT, et.al.,     MAGISTRATE JUDGE DONALD A. SCHEER

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendants' Motion for Summary Judgment should be GRANTED, that of Plaintiff DENIED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

                        \*   \*   \*

Plaintiff, while incarcerated at the Saginaw Correctional Facility in Freeland, Michigan[1], filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on February 21 2008, in the United States District Court for the Western District of Michigan. The case was transferred to this Court because the events giving rise to Plaintiff's action occurred in Lenawee County, which is located in the Eastern District, and the defendants are located in this district. Plaintiff alleges that his constitutional right of access to the courts was violated while he was confined at the Gus Harrison Correctional Facility (ARF) in Lenawee County. Specifically, Plaintiff asserts that the Defendants destroyed his legal papers so that

---

[1] Plaintiff is currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan.

he could not "perfect an appeal," in violation of his First Amendment right of access to the courts. Plaintiff sued the eleven individually named prison officials at ARF in their official capacities only[2]. He sought monetary damages in excess of three million dollars.

The complaint was initially dismissed *sua sponte* on April 11, 2008, for failure to identify the nature of the legal papers alleged to have been destroyed (Docket #2). Plaintiff filed a Motion for Reconsideration on April 23, 2008, stating the papers were "motions, filings, briefs and habeas corpus applications" necessary to appeal his conviction (Docket #3). The Court granted Plaintiff's motion for reconsideration, and found that he had "now alleged with sufficient specificity that he was prevented from filing legal documents related to his appeal." (Docket #4).

Defendants filed a Motion to Dismiss, or in the alternative for Summary Judgment, on November 21, 2008, based upon Eleventh Amendment Immunity. Since Plaintiff chose to sue all the individual ARF employees in their official capacities, and sought monetary damages only, Defendants claimed they were immune from suit pursuant to the Eleventh Amendment. In an Order Adopting a Report and Recommendation, dated, March 25, 2009, the Court dismissed the named defendants in their official capacities, based on Eleventh Amendment immunity. The Court, however, allowed Plaintiff to Amend his Complaint so as to sue the Defendants in their individual capacities only. The case was remanded to the undersigned for further proceedings (Docket #29).

---

[2]Plaintiff chose to sue the Defendants in their official capacities only. On the form complaint, Plaintiff had the choice to sue the individual defendants in either their personal, official or combined capacities (See Complaint, page 1, "Defendant Information" section).

**2**

Plaintiff filed an Amended Complaint alleging the same factual allegations, but correcting the procedural defect by suing the Defendants in both their individual and official capacities (Docket #27). Defendants filed a Second Motion for Summary Judgment on April 9, 2009, asserting that Plaintiff had failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 (Docket # 31). Plaintiff filed a Counter-Motion for Summary Judgment on April 30, 2009, reiterating that Defendants had destroyed his legal papers in violation of his First Amendment right of access to the courts. I recommend that Defendants' Motion for Summary Judgment be GRANTED, and that of Plaintiff DENIED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

ACCESS TO COURTS CLAIM

Prison inmates have a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821-22 (1977); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Access must be adequate, effective, and meaningful. Bounds, 430 U.S. at 822, 828 (prison authorities are required to assist prisoners in the preparation and filing of legal papers by providing adequate law libraries or alternative sources of legal knowledge)

To establish that prison officials denied them meaningful access to the courts, plaintiff must demonstrate either an essential deprivation or a nonessential deprivation that has caused them an actual injury. Lewis v. Casey, 518 U.S. 343, 355 (1996). Essential deprivations, such as the deprivation of an accessible and adequate law library, or court-appointed attorneys and other para-professionals, impair resources that are central to the right of access to the courts. Bounds v. Smith, 430 U.S. at 821-22. The deprivation of assistance from other inmates can also constitute an essential deprivation. See Johnson v. Avery, 393 U.S. 483, 490 (1969) (right of access to the courts entitles inmates to receive

legal assistance from other inmates unless prison officials provide reasonable alternative assistance).

On the other hand, resources such as pens, pencils, pads, notarial services, and photocopying services, are not central to the right of access to the courts. A compensable claim based upon the deprivation of these resources requires a specific instance in which the plaintiff was actually denied access to the courts. See Lewis v. Casey, 518 U.S. at 349-55 & n. 3. (a prisoner must show an actual injury to existing or contemplated litigation which raises non-frivolous claims); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999).(a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement). My analysis will be guided by the principles enunciated in Bounds and its Sixth Circuit progeny.

1. Essential Deprivation

Plaintiff does not allege that he was denied access to a prison law library or legal clinic. Nor does he claim that he wasn't allowed to consult with court-appointed attorneys, para-professionals, or have the assistance of other inmates when preparing of his legal papers. Therefore, Plaintiff has not demonstrated that he suffered an essential deprivation in attempting to access the courts.

2. Actual Injury

Plaintiff can still prevail on an access to the courts claim if he can demonstrate that he has sustained an actual injury as a result of the destruction of his legal papers. Plaintiff must show that he has, in fact, suffered some legal or judicial denial, injury or impediment by the Defendant's actions. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).

In this case, the record is critically devoid of any evidence of actual injury. Plaintiff has failed to identify any specific instance in which the destroyed papers prevented him from gaining access to the courts. In fact, Plaintiff acknowledged that he can still file appeals in both cases he has pending in state court. Plaintiff also admitted that appellate counsel has been appointed in both cases to help him "with any post-conviction relief."[3] As Defendants correctly point out, these attorneys will be able to reproduce any of the work that Plaintiff claims to have been lost due to the alleged actions of prison officials. The Sixth Circuit has consistently ruled that an inmate's right of access to the courts is fully protected if he is represented by counsel.  Skelton v. Pri-Cor, Inc., 963 F.2d 100, 104 (6th Cir. 1991)(citing Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983)(holding that once counsel has been appointed, the state fulfilled its constitutional obligation to provide full access to the courts). There simply is no evidence that Plaintiff was actually injured or prejudiced on any occasion in his ability to meaningfully access the courts due to Defendants' alleged destruction of his legal papers[4].

For all of the foregoing reasons, it is recommended that Defendants' Second Motion for Summary Judgment be granted, that of Plaintiff denied, and the instant case dismissed. The parties are advised that any objections to this Report and Recommendation must be

---

[3] See page 17 of Plaintiff's Original Motion for Summary Judgment, filed on December 31, 2008 at Docket #22.

[4] Defendants argue that they are entitled to qualified immunity against Plaintiff's demand for money damages arising out of the alleged destruction of his legal papers. However, the court does not need to reach the merits of Defendants' qualified immunity argument in light of the disposition of the motion.

filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: June 30, 2009

_____

## CERTIFICATE OF SERVICE

      I hereby certify on June 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 30, 2009: **Johnny Eagle.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217